69　599
85　572

## No. 2344.

### E. J. BIERING *v.* FIRST NATIONAL BANK OF GALVESTON.

1. EXEMPLARY DAMAGES—ATTACHMENT.—One sued in attachment, on an
affidavit made by the plaintiff which is not true in fact, and whose
money is withheld from him by process of garnishment sued out without
probable cause and with malice, may recover as actual damages interest
by way of damage at eight per cent on the money, payment of which
was prevented, and for the period of its detention, and exemplary dam-
ages, in which may be estimated the injury to defendant's credit caused
by the proceedings.
2. MALICE.—See charge of court for a definition of malice *held* sufficient.
3. MALICE.—Want of probable cause and malice must both be apparent to
authorize a recovery of exemplary damages in attachment proceedings.
Want of probable cause can not be inferred from proof of malice.
However malicious the act may be, if the evidence shows there was
probable cause to believe that the facts existed which authorized the
attachment, no vindictive or exemplary damages can be recovered.

4. SAME—CHARGE OF COURT.—If want of probable cause is clearly shown, the jury may infer therefrom the existence of malice, but a court should not so instruct the jury.

5. The mere suing out of an attachment, though with malice and without probable cause, will not authorize a recovery of damages against the plaintiff in attachment, when no seizure of property is made under the writ.

6. CASES REVIEWED.—Cheatham v. Riddle, 12 Texas, 112; Willis v. McNeill, 57 Texas, 476; and Dwyer v. Bassett, 63 Texas, 274, cited and reviewed.

7. CHARGE OF COURT ON WEIGHT OF EVIDENCE.—A charge as to a presumption arising from a given state of facts is a charge upon the weight of evidence, except in those cases in which the law raises a conclusive presumption.

APPEAL from Galveston.    Tried below before the Hon. W. H. Stewart.

Suit filed in the district court of Galveston county, September 26, 1884, by appellant, for actual and exemplary damages for the alleged wrongful and malicious suing out of writs of attachment and garnishment and seizing appellant's effects.    The petition fully alleged the trespass and damages.    October 10, 1884, appellee answered by general demurrer, general denial, and setting up justification of the writs, and advice of counsel, and denying malice.    It was also alleged and proved that certain insurance money, to which plaintiff was entitled, was tied up by garnishment.    Verdict and judgment for appellant for two hundred and twenty-seven dollars and forty-four cents actual damages.

*Burnett & Hanscom,* for appellant.

*McLemore & Campbell,* for appellee.

ACKER, JUDGE.    Appellant insists under the third assignment of error that "That the court erred in its charge, because the charge excludes from the consideration of the jury the damages to appellant's credit as a merchant as actual damages, and restricts actual damages to interest on the insurance money tied up by the garnishments."

The charge of the court directed the jury, if they believed from the evidence that the affidavit for attachment was not true, to find as actual damages, interest upon the insurance money detained by the garnishment proceeding at eight per cent for the length of time that it was so detained.

Upon the subject of injury to plaintiff's credit, the court charged the jury: "If you believe from the evidence that the said affidavit was not true, and that the garnishments were without probable cause and with malice, then plaintiff would not only be entitled to his actual damages, but you would, in addition thereto, be authorized to award to the plaintiff exemplary damages, also, the amount of which to be determined by you from all the facts and circumstances in evidence, the motives for the garnishments and the injury to plaintiff's credit, if any, by the garnishments, but if there was probable cause for the issuance of the writs, then there could be no exemplary damages."

The jury is authorized and instructed by this charge to find damages for plaintiff for injury to his credit, if they should find from the evidence, not only that the affidavit for attachment was not true, but also that the writs of garnishment were sworn out without probable cause and with malice, and we think it can make no difference to appellant, nor in any way affect his rights, whether the damages thus authorized to be awarded are called actual or exemplary damages, the law upon which he would be entitled to recover damages for injury to his credit being correctly given. We think the charge sufficient, and that the objection here urged is not well taken.

It is contended under the fourth assignment of error that "the charge of the court is erroneous in its definition of malice, and in failing to charge that malice could be inferred from the want of probable cause."

The court gave the jury the following definitions of malice: "Malice is where the facts and circumstances show not only that the affidavit was false, and without probable cause, but evidences bad motives, or such reckless disregard of the rights of the debtor as satisfies you that there was evil intent by defendant." And again: "That the affidavit was made without probable cause and with bad motives, or with such reckless disregard of plaintiff's rights as to cause the belief that the affidavit was made with bad motives or maliciously." While these definitions are not in the technical language copied by appellant from Mr. Greenleaf's work on the law of evidence, and here insisted upon as the definition that should have been given by the court, we think them reasonably sufficient to apprise the jury of what is meant by the word "malice," as employed in the charge. That there can be no recovery in actions for mali-

cious prosecution, or for malicious use of civil process, without proof of the want of probable cause, and also of the existence of malice, upon the part of the defendant, is too well settled to justify discussion here.

It has also been long and well settled that, in cases of this character, malice may be inferred by the jury from the proof of want of probable cause, but it does not follow therefrom that the court should so instruct the jury. The want of probable cause can never be inferred from proof of malice, both must concur, and must be found by the jury from all the facts and circumstances developed by the evidence. However malicious the act complained of may be, if the evidence shows that there was probable cause for belief in the existence of the facts upon which defendant acted, there can be no recovery, except for such damages as necessarily flow from the act as merely wrongful. If there was no evidence upon the question of malice, and the want of probable cause was satisfactorily proven, the jury might, from that alone, infer malice, and so find, and their verdict would not be disturbed: But, we do not believe the court would be authorized to charge the jury that "they may infer malice from the want of probable cause." However correct the proposition may be as a matter of law, we think such a charge would give too much emphasis to the want of probable cause, and would be well calculated to impress the jury with the belief that, in the opinion of the court, there was no probable cause.

In Cheatham v. Riddle, 12 Texas, 112, it was held that "the jury are not required to believe a witness although he make a plain statement of what is not impossible, and is neither impeached nor contradicted, but may discredit him on account of attendant circumstances." In Dwyer v. Bassett, 63 Texas, it was held, that, notwithstanding the language quoted from the case of Cheatham v. Riddle, as matter of law, was correct, yet it was error for the court to give it in charge to the jury, being violative of the rule that a judge shall not charge upon the weight of evidence.

In Willis v. McNeill, 57 Texas, 476, the trial court employed the following language in the charge to the jury: "But, if there was a want of probable cause for suing out the attachment, malice may be implied," and this court held that the portion of the charge quoted, might have misled the jury, and was error. In Holdt v. Webster, 60 Texas, 209, it is said: "Any charge as to a presumption arising from a given state of facts,

unless in those cases in which the law raises a conclusive presumption, in the nature of things, is a charge upon the weight of evidence."

We think the court did not err in failing to charge the jury that malice may be inferred from the want of probable cause, as insisted under the fourth assignment, nor in refusing the special charge requested by appellant to the same effect, as urged under the fifth assignment of error.

It is contended by appellant that the court erred in charging the jury: "If you believe from the evidence that said affidavit was not true, and that the garnishments were without probable cause and with malice, then the plaintiff would not only be entitled to his said actual damages, but you would in addition thereto be authorized to award to plaintiff exemplary damages, etc., because this part of the charge makes it incumbent on the jury to believe that the garnishments were sued out without probable cause, and with malice, before the jury could find exemplary damages, when the issue was, as made by the pleadings, that the affidavit for attachment, as well as the garnishments, was without probable cause," etc.

It appears that the writ of attachment was never executed, that no property was ever seized or levied under it, and that the writs of garnishment were predicated upon the attachment suit. No property or assets of appellant was disturbed or interferred with by either proceeding, other than the detention of the insurance money by the garnishment proceedings. The mere suing out process without probable cause and with malice, without more, will not authorize a recovery by the party against whom the process was issued, and we think the court did not err in limiting the inquiry as to want of probable cause and malice, to the process used to the injury of appellant.

It is contended that the verdict was rendered for a less amount of damages than appellant was entitled to under the charge of the court and the facts of the case, and for this reason the court erred in refusing to set aside the verdict. The court charged the jury that, if they found from the evidence that the affidavit for attachment was not true, then they should find for plaintiff interest at eight per cent per annum on so much insurance money as had been detained by the writs of garnishment for the time intervening between sixty days after delivery of proofs of loss, as stipulated in the policies, to the time of the dismissal of the garnishment, with eight per cent interest thereon."

The garnishments were dismissed on the twenty-fourth of September, 1884, and the verdict was returned on December 24, 1885, for two hundred and twenty-seven dollars and forty-four cents, which appears to be the amount of interest due on the amounts of the garnished policies up to the time the garnishment proceedings were dismissed. The money due on the policies of insurance was paid to appellant on dismissal of the garnishments, and, appellee being responsible for the detention of the money, was then liable to appellant for the damages for such detention, and, failing to pay the debt thus created, we think it is liable for the interest thereon, as indicated in the charge of the court, and the jury should have so found. It appears that the interest on the amount found by the jury from the twenty-fourth of September, 1884, the time when the garnishments were dismissed, to the twenty-fourth December, 1885, the date of the verdict and judgment, is twenty-two dollars and seventy-three cents, and, as it is admitted that the verdict is for the correct amount of interest due up to the dismissal of the garnishment proceedings, we are of opinion that the judgment should be reformed and here rendered for two hundred and fifty dollars and seventeen cents, with interest at eight per cent per annum from the twenty-fourth day of December, 1885, the date of the judgment below, and that in all other respects said judgment should be affirmed. As the attention of the court below was called to this error, by the motion for new trial, we are of opinion that appellees should be charged with the costs of this appeal.

*Affirmed and reformed.*

Opinion adopted January 31, 1888.