### ROBERT P. MAYO v. K. L. TUDOR'S HEIRS.

#### No. 5692.

1.  **Jurisdiction.**—The probate jurisdiction of the District Court under the Constitution and laws of 1870 was special, and such court sitting in probate could exercise no additional authority by virtue of its general common law and equity powers. Sitting as a court of probate it could not determine title to land. Its judgment partitioning land between heirs could not invalidate or affect by way of estoppel the title of a distributee to a larger interest than was apportioned and which was derived from a source other than the intestate.

2.  **Estoppel.**—The judgment of a court acting without jurisdiction can not work an estoppel against one who was a party to the suit.

3.  **Community Property—Will.**—The election of a wife to take under the will of her deceased husband is necessary to render effective his devise of her community interest. In the absence of an express election she will only be bound by such will when she has received under it some benefit inconsistent with her claim to half of the community property. The question of election is one of fact for the jury.

4.  **Charge of Court.**—The statutory provision against a charge on the weight of evidence is an inhibition against any intimation from the judge as to the weight of any portion of the evidence.

APPEAL from Lamar. Tried below before Hon. J. A. B. Putman.

The opinion states the case.

*Maxey, Lightfoot & Denton,* for appellant.— 1. The proceedings in probate in the partition of the estate of Eunice Davis, deceased, could not estop the minor Mary E. Davis from claiming her rights under the will of her grandfather, Isaiah Davis, deceased. Caruth v. Grigsby, 57 Texas, 266; Grigsby v. Caruth, Id., 269; Thompson v. Cragg, 24 Texas, 582, White v. Shepperd, 16 Texas, 163; Thomas v. Groesbeck, 40 Texas, 530; Cook v. Burnley, 45 Texas, 115; Philipowski v. Spencer, 63 Texas, 607; Houston v. Musgrove, 35 Texas, 594; Freem. on Judg., sec. 258; Bige. on Estop., pp. 352–54; Woodbridge v. Banning, 14 Ohio St., 328; Walker v. Hall, 15 Ohio St., 355; Mercier v. Chace, 91 Mass., 242; Grice v. Randall, 23 Vt., 242.

2. The question of election by the surviving wife is a question of fact to be determined from the whole testimony, which should have been submitted to the jury, and a charge upon a particular portion of the testi-

.mony was an invasion of the province of the jury and calculated to mislead them. Austin v. Talk, 26 Texas, 130; Andrews v. Marshall, Id. 215; Heldt v. Webster, 60 Texas, 207; T. & P. Railway Co. v. Murphy, 46 Texas, 368.

3.   The court erred in charging the jury that if by the claim of Eunice ·Davis to one-half of the 640 acres Virgil Davis did not receive a less amount than he would have received from his father's estate had his father made no will, then they should find for the plaintiff against Mayo and wife for the land in controversy, and in refusing to give to the jury the special charge asked by defendant's counsel on that subject.

*W. B. Wright,* for appellees. — 1. The decree of partition and confirmation of the report of commissioners of partition by the District Court of Hunt County read in evidence estops the appellant Mary E. Connor from setting up any title·to the tract of land in controversy as *res judicata* and as a warrantor of the title to appellees' ancestor.

2.   The disposition of Eunice Davis's half of the community property by her husband could only be rendered effective by her election to take under the will.   In order to constitute an election by her it must appear from the evidence that she accepted some benefit under the will inconsistent with her claim to one-half of the whole estate. Tudor v. Mayo, not published, but found in the records of this court in volume 2, page 383, Galveston Term, and authorities cited in opinion.

MALTBIE, PRESIDING JUDGE.—The 200 acres of land in controversy is a part of a 640-acre tract situated in Lamar County, and was the community homestead of Isaiah Davis and his wife Eunice.   Isaiah Davis died testate in 1854, devising together with other things the 640-acre homestead tract of land to his wife Eunice for life; remainder to their son Virgil.   Virgil died in 1857, leaving him surviving a widow, Julia A. Davis, who afterwards intermarried with the appellant R. P. Mayo, and an infant, Mary E. Davis, now Mary E. Connor, one of the appellants.   Eunice Davis moved to Hunt County some years after the death of her husband and there died testate in the year 1868, undertaking to dispose of the above mentioned 640 acres of land.

By her will 320 acres of it is devised to Virgil Davis's daughter Mary E., and the balance to the children of Isaiah and Eunice Davis.   The will was proven up and the estate of Eunice Davis partitioned in the District Court of Hunt County, acting and assuming to act only as a court of probate.

Mary E. Davis, then a minor, was made a party to the proceedings, and was represented by a guardian *ad litem.*   Three hundred and twenty acres of the land was allotted to her and the balance regularly sold for

partition, K. L. Tudor becoming the purchaser of the 200 acres in controversy.

In this suit appellees claim title to the land under the will of Eunice Davis, while appellants claim under the will of Isaiah Davis. In the partition of the estate of Eunice Davis the title to the 640 acres of land that was divided was not held to be in Mrs. Davis, nor did the court in this proceeding, sitting as a court of probate, have jurisdiction to determine the question of the title to the land, that power being then a part, as it always had been and now is, of the ordinary jurisdiction of the District Court. The probate jurisdiction was a special power conferred by the Constitution and laws of 1870, and District Courts in the exercise of probate jurisdiction had no authority except that specially conferred in reference to this particular subject, and when acting as a court of probate could exercise no additional authority by virtue of its general common law and equity powers.

The effect of the partition is to settle the interests of the parties to it as allotted by the court so far as the same depends on the title of Mrs. Eunice Davis, and each participant is bound to warrant the title to every other to the extent of the interest derived by him from Mrs. Davis, but no further. If the title of Mrs. Davis was invalid, and any of the participants in the partition had at the time a title derived from another source, the partition could not have the effect to invalidate the other title, and the fact that such person participated in the partition could not estop him from asserting his other title. There can be no objection to a person acquiring several titles to the same piece of land, either by purchase or otherwise, and clearly the judgment of a court without jurisdiction of the subject matter could not work an estoppel against a party to it. The District Court of Hunt County having no authority and not having assumed to determine whether the title derived through the will of Isaiah Davis or that derived through the will of Eunice Davis is the superior, it follows that the court erred in charging the jury that the decree of partition and confirmation of the report of the commissioners by the District Court of Hunt County estopped Mary E. Connor from setting up her claim to the land under the will of Isaiah Davis.

The property in controversy being of the community, Isaiah Davis had no right to devise his wife's interest, and there was no error in that part of the charge to the effect that in order to render such will effective she must have elected to take under it, and in order to constitute an election by her it must appear from the evidence that she accepted some benefit under the will inconsistent with her claim to one-half of the whole estate. Philleo v. Holliday, 24 Texas, 45, and authorities there cited; Little v. Birdwell, 27 Texas, 691; Morrison v. Bowman, 29 Cal., 347 *et seq.;* 4 Kent Com., 58.

Nor is there any error of which appellants can complain in a subsequent

part of the charge, to the effect that "if Mrs. Eunice Davis did not receive under the will any benefit inconsistent with her claim to one-half of the community property, and by her claiming one-half of the 640-acre tract Virgil Davis did not receive a less amount in value of property than he would have received had his father made no will, you will find for the plaintiffs." For if Mrs. Davis received no benefit under the will inconsistent with her right to claim one-half of the 640 acres the heirs of Virgil Davis can not complain, whether he received a full share of his father's estate or not, the father having the right to make such disposition of his own property by will as he might have seen proper.

But whether Mrs. Eunice Davis elected to surrender her right to the community property of herself and her deceased husband was a question of fact to be determined by the jury, and a charge that the fact that Eunice Davis permitted the property other than the homestead to be divided out by the executors among the legatees and devisees of her husband would not itself show that she elected to take under the will, is on the weight of the evidence and therefore erroneous; and it can make no difference whether the proposition announced is correct in point of fact or not. The inhibition is against any intimation as to the weight of any part of the evidence.

On account of the errors indicated we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

This opinion was delivered by the Commission of Appeals to the Supreme Court after the death of Judge Maltbie, which occurred in 1888, and was adopted June 28, 1889.