PARLIN & ORENDORFF COMPANY v. F. D. GLOVER AND CULLEN CREWS.

Decided April 7, 1909.

**1.—Innocent Purchaser—Partners—Notice—Pleading.**

Plaintiffs, who had sold property to M. which he had sold to others, sued to recover it, claiming that M. had obtained it from them by fraud. Defendants claimed it as innocent purchasers from M. Under this issue evidence offered by plaintiff to show that defendants were partners of M. should have been admitted in rebuttal of defendant's claim to be innocent purchasers, though plaintiffs had no pleadings supporting the admission of such proof.

**2.—Same—Pleading.**

It is no objection to a pleading filed in reply to a plea by defendant of innocent purchaser, that the facts set up are inconsistent with those alleged in the petition; nor to evidence offered under a denial of such plea of innocent purchaser that it is inconsistent with the case made by plaintiffs' alleged petition. Plaintiffs are permitted to file inconsistent pleas.

**3.—Charge—Argumentative—Undue Prominence.**

A charge as to the effect which the jury are to give to certain evidence invades their province though the rule given be not contrary to logic or reason.

Error from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*U. F. Short* and *Will G. Barber,* for plaintiffs.—Defendants allege they are bona fide purchasers from H. A. McMeans of the property in controversy, for value. That they paid him for said purchase $7500 by canceling a debt due from him, and in addition thereto they assumed the payment of debts due from McMeans to other creditors, aggregating $2636.10. Defendants should state in their answers the name of each creditor whose debt was assumed, and the amount due each, and how and when each were paid. Traders National Bank v. Close, 76 Texas, 47; Duveneck v. Kutzer, 17 Texas Civ. App., 577; Noble v. Gilliam, 33 So., 861; British, Etc., Mfg. Co. v. Norton, 28 So., 31; Gamble v. Aultman, 28 So., 30; Wood v. Riley, 25 So., 723; Freeman v. Stewart, 24 So., 31; Weber v. Rothschilds, 3 Am. St. Rep., 162.

A fraud committed or misrepresentation made by one partner in obtaining property for the business of a copartnership is binding upon all the partners, and none of them could be innocent purchasers of property for value under such circumstances. Palmo v. Slayden & Co., 100 Texas, 13; Kneisley Lumber Co. v. Stoddard & Co., 109 S. W., 840; Dockery v. Faulkner, 101 S. W., 501; Friswold v. Haven, 82 Am. Dec., 380; Coleman v. Pierce, 26 Minn., 123; French v. Rowe, 15 Iowa, 563; Key v. Hamilton, 33 Ohio St., 7; Morehouse v. Northrop, 89 Am. Dec., 211; Alexander v. State, 56 Ga., 478; Durant v. Rogers, 87 Ill., 508; Kerr v. Sharp, 83 Ill., 199; Witcher v. Brewer, 49 Ala., 118.

An isolated fact should not be given undue prominence by emphasizing it in a special charge, to the exclusion of all other facts bearing upon the issue which the jury should consider. Gulf, C. & S.

F. Ry. Co. v. Harriett, 80 Texas, 73; New York and T. Land Co. v. Gardner, 25 S. W., 737; Medlin v. Wilkins, 60 Texas, 409; Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas, 473; Hurlbut v. Boaz, 4 Texas Civ. App., 371; Panhandle Nat. Bank v. Emory, 78 Texas, 498; Mitchell v. Mitchell, 80 Texas, 101.

*A. B. Story* and *R. E. McKie,* for defendants.—It is neither necessary nor proper to set forth the evidence upon which pleader relies. Wells v. Fairbanks, 5 Texas, 584; Van Alstyne v. Bertrand, 15 Texas, 179; Houston, Etc., R. Co. v. Shafer, 54 Texas, 646; Thomas v. Chapman, 62 Texas, 194; Rains v. Herring, 68 Texas, 472.

The petition of plaintiffs, and the total absence of any allegation that defendants and McMeans were partners, make it plain that no evidence that they were partners would be admissible. That the allegata and the probata would be widely variant is too plain to require further comment.

The assumption of said debts by the defendants, and the statement by them to creditors whose debts they assumed that they had purchased the business of McMeans and assumed certain debts of the business, and the assent to same by said creditors, and the acceptance by the said creditors of the obligation of defendants in lieu of the obligations of McMeans, constituted a good and valuable consideration for the transfer and made defendants bona fide purchasers for value of the said goods. Hamilton-Brown Shoe Co. v. Lyons, 6 Texas Civ. App., 633; Wear-Boogher D. G. Co. v. Crews, 23 Texas Civ. App., 668; Bason v. Hughart, 2 Texas, 479; Hendricks v. Snediker, 30 Texas, 306; Lane v. Scott, 57 Texas, 372; Gulf, etc., Ry. Co. v. Winton, 7 Texas Civ. App., 57; Cobb v. Beall, 1 Texas, 348; James v. Fulcrod, 5 Texas, 519.

KEY, ASSOCIATE JUSTICE.—This is a suit for the recovery of nineteen wagons of the value of $1140, charged by the plaintiff to have been obtained from it by one H. A. McMeans by fraud and under such circumstances as that the purported sale from the plaintiff to McMeans did not vest in the latter right to the property and left the superior title in the plaintiff. The plaintiff charged that the defendants had attempted to purchase the wagons from McMeans, but had acquired no title thereto. At the instance of the plaintiff a writ of sequestration was issued and the wagons seized by the sheriff under that writ and delivered to the plaintiff under a replevin bond executed by it.

The defendants filed separate answers presenting the same defenses and tendering similar issues, including a general denial, several special exceptions and a special plea alleging that they were innocent purchasers, because they had bought from McMeans his entire stock of merchandise, including the wagons in controversy, and had paid for the same by canceling McMeans' indebtedness to them, amounting to $7500, and by assuming and obligating themselves to pay to other creditors of McMeans certain debts, amounting to $2636.10, all of which they alleged was done in good faith, and without notice that

the wagons had been obtained from the plaintiff by fraud. They also filed a cross-action, seeking to recover upon the replevin bond.

Plaintiff filed a supplemental petition containing, among other matters, a general denial of the defendants' plea of innocent purchasers.

There was a jury trial which resulted in a verdict and judgment against the plaintiff upon its suit, and in favor of the defendants against the plaintiff and the sureties upon its indemnity bond for $1140, which sum the judgment divides equally between the two defendants.

The plaintiff has brought the case to this court by writ of error, and has presented it upon several assignments of error, the most of which will be overruled without discussion.

We sustain the ninth and tenth assignments of error, which complain of the action of the court in excluding certain testimony offered by the plaintiffs tending to show that McMeans and the defendants were in fact partners in the mercantile business conducted in the name of McMeans. The excluded evidence was pertinent and admissible upon the issue of innocent purchaser. In their answer the defendants averred that, even if McMeans had been guilty of such fraud as would, as between him and the plaintiff, vitiate his title to the wagons, still, the defendants were innocent purchasers without notice, and had therefore acquired title to the property as against the plaintiff. The excluded testimony was pertinent upon the question of notice, because if, in fact, the defendants were partners with McMeans, then his knowledge of the fraud will be imputed to the defendants and constitute notice to them. (Palmo v. Slayden, 100 Texas, 13; Dockery v. Faulkner, 101 S. W., 501; Kneisley Lumber Co. v. Stoddard & Co., 109 S. W., 840.) Counsel for defendants contend that this evidence was not admissible, because the plaintiff alleged in its petition that McMeans was engaged in the mercantile business and was indebted to the defendants in the sum of $7500 for borrowed money, and also alleged that the money referred to was lent to McMeans upon an agreement that he should establish a mercantile business in the town of San Marcos, and when the same was fully established and proven to be safe, then the defendants would become part owners of it and would share in the profits and losses. We do not hold that the testimony was admissible in support of the plaintiff's case as set out in its petition, but it was admissible upon the issue of want of notice set up in the defendants' plea of purchase in good faith, all of which was denied by the plaintiff's supplemental petition. As a matter of fact it was not alleged in the plaintiff's petition that the defendants and McMeans were not partners at the time McMeans perpetrated the alleged fraud, but even if it had been, such allegation would not have cut off plaintiff's right to prove that they were partners, in order to break down the plea of innocent purchasers asserted by the defendants. We have a statute which permits parties to file inconsistent pleas, and when that course is pursued, such pleas do not limit or otherwise affect each other. (Duncan v. Magette, 25 Texas, 245; Bauman v. Chambers, 91 Texas, 108.) If, in response to the plea of innocent purchasers the plaintiff had alleged that the defendants were in partnership with McMeans at the time he perpetrated

the fraud upon the plaintiff, and therefore had notice of such fraud, such plea could not have been objected to because of its inconsistency with the former plea of the plaintiff. Now, the only difference is that the defendants alleged that they bought the property from McMeans without notice of the fraud, and the plaintiff in replication filed a general denial. A general denial was all that was necessary to render admissible any testimony which would tend to show that the defendants had notice of the fraud. Such being the case, the excluded testimony was admissible regardless of the averments contained in the plaintiff's petition.

At the request of the defendants, the court instructed the jury as follows: "If you find from the evidence that Crews and Glover knew, before the purchase of McMeans' stock, that McMeans owed Parlin & Orendorff Co. for the wagons in controversy, you are instructed that this knowledge alone is not such knowledge as would put them upon notice or inquiry as to any fraud upon the part of McMeans in obtaining these wagons."

The giving of this charge is assigned as error, the contention being that in so doing the court gave undue prominence to a particular fact, which action of the court was calculated to mislead the jury. We sustain that contention and also hold that the charge was argumentative and upon the weight of testimony. The court had already sufficiently instructed the jury as to the rules of law by which they were to be guided in their deliberations, and to single out any particular fact and tell the jury that it was or was not sufficient proof upon a particular issue, was not only argumentative, but was giving undue prominence to that fact and invading the province of the jury by indicating to them the judge's opinion as to the effect to be given certain testimony. Tested by the rules of logic and reason it may be proper to say that knowledge by the defendants of McMeans' indebtedness for the wagons, considered alone, was not sufficient to put them upon notice or inquiry as to the fraud practiced by McMeans in obtaining the property; but rules of logic and reason are not necessarily rules of law that should be given in charge to a jury. In determining the question of notice it was the duty of the jury, after hearing argument in behalf of both parties, and without any aid or suggestion from the court other than had already been given in the charge, to weigh and determine the force of all the testimony bearing on that point; and the court had no more right to single out the particular fact referred to and comment upon it than it had to single out and comment upon any other fact bearing upon that issue. (Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 73; Mitchell v. Mitchell, 80 Texas, 101; Medlin v. Wilkins, 60 Texas, 409; Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas, 473; Panhandle National Bank v. Emery, 78 Texas, 498.)

Error is addressed to the action of the court in overruling a special exception to the defendants' plea of innocent purchasers, wherein it was alleged that, as a consideration for the purchase of McMeans' stock of merchandise, including the wagons here in controversy, the defendants obligated themselves to pay debts owing by McMeans in excess of the value of the wagons—the basis of the exception being

that the plea did not state the names of such other creditors nor the amounts of their respective debts. The record shows that the omission complained of can be readily supplied; and, without making a 'distinct ruling on the question, we suggest that the defendants amend their answer in such manner as to obviate the objection.

On all the other assignments we rule in .favor of defendants in error.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*