WIEDNER et al. v. KATT.   (No. 7489.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 27, 1926.)

**1. Trial ⬅⬆194(1)—Trial court cannot comment on and discuss weight of testimony to jury.**

Under Rev. St. 1911, art. 1971, trial court cannot comment on and discuss weight of testimony to jury, but is required to instruct only on the law, leaving all questions of fact to jury.

**2. Trial ⬅⬆296(2)—Wills ⬅⬆330(1)—Instruction that insanity, prior or subsequent to execution of will, does not render it invalid, if testamentary capacity existed at time of execution, held error, and not cured by instruction to consider all other facts.**

Instruction that testator's insanity, prior or subsequent to execution of will, does not render it invalid, if testamentary capacity existed at time of execution, *held* error, which was not cured by statement that jury might consider all other facts in determining sanity at time of execution, since insanity, being a question of fact, should have been left to the jury without any limitations.

**3. Wills ⬅⬆289—Will must be produced and proven, or absence accounted for to allow its probate.**

Under Rev. St. 1911, art. 3271, will must be produced and proven by separate filing in court or its absence accounted for to allow its probate; articles 3274 and 3275 referring only to certified copy of testimony.

**4. Wills ⬅⬆52(1), 163(1)—Burden of proving testamentary capacity on proponent, but, where will is attacked for fraud or undue influence, burden shifts to contestant.**

Proponent of will has burden of proving that testatrix was of sound mind, and that will was not revoked, but, when will is attacked on grounds of fraud and undue influence, burden on such grounds shifts to contestant.

**5. Wills ⬅⬆378—On appeal from probate of will by county court, appellant must produce and prove the will; a copy in judgment of district court not being sufficient.**

Rev. St. 1911, art. 3638, requires that, on appeal to district court from decree of county court probating will, the will must be produced and proved, and will copied in judgment of district court without other proof is not sufficient.

Appeal from District Court, Guadalupe County; M. S. Munson, Judge.

Application by Erich A. W. Katt to probate the last will and testament of Lydia Katt, deceased, contested by Charles Wiedner and others. On appeal from a decree of the county court probating the will, the case was tried by jury, resulting in a judgment for the proponent, and contestants appeal. Reversed and remanded for new trial.

Saunders & Whipple, of San Antonio, and Wurzbach & Wirtz, of Seguin, for appellants.

A. P. Mueller and F. E. Knetsch, both of Seguin, for appellee.

COBBS, J. Appellee filed application in the county court of Guadalupe county to probate the alleged last will and testament of his deceased wife, Lydia Katt. Appellants, as the heirs of Lydia Katt, filed their contest thereto, on the chief ground that Mrs. Katt had not the mental capacity to execute the will at the time of its execution, and its provisions were dictated by appellee to her, exercising undue influence over her mind, causing her to believe it was intending to constitute Emil A. W. Orth, the young man who had long lived with decedent and appellee, as their joint heir, etc.

Upon a hearing the said county court entered a decree probating the said will. Thereafter appellants perfected an appeal from said court to the district court, where it was tried with a jury. The trial resulted in a judgment in favor of the appellee, whereupon a decree was entered by the trial court ordering that the will be probated. The court submitted only two issues for the jury to find, which with their answers are as follows:

"Special Issue No. 1: Did Lydia Katt have testamentary capacity to make a valid will on February 14, 1920? To which the jury answered, 'Yes.'

"Special Issue No. 2: Did Erich A. W. Katt exercise undue influence over said Lydia Katt in the execution of said will? To which the jury answered, 'No.'"

In connection with issue No. 1, the court had given the following definition of testamentary capacity, to wit:

"In order to have testamentary capacity, the testatrix Lydia Katt must have had, at the time of the execution of said will, namely, February 14, 1920, sufficient mind and memory to intelligently understand the nature of the transaction in which she was engaged, to comprehend generally the nature and extent of the property which constituted her estate, and the disposition she desired to make of same."

Appellants make no complaint at the issues, but contend that no other was required or should have been given. But the court went further, and gave this charge:

"The fact that a person is insane at a date prior to or subsequent to the date of the execution of a will would not render it invalid, provided she had testamentary capacity to execute a valid will as is above explained, at the time of its execution, but these facts, together with all the other facts and circumstances in evidence, are to be considered by you in determining her state of mind at the time of the execution of the will."

Appellants make the main defense, and attack the court's charge as error. That is in singling out a portion of the testimony for

comment. It is an intimation to the jury of the court's opinion upon a fact issue, upon which there is conflicting evidence, that deprives appellants of the fair judgment of the jury, free from any possible influence that such a charge selecting a part of the evidence would have; is a charge upon the weight of testimony; is to comment or single out a portion of the evidence calculated to mislead the jury; is argumentative and upon the weight of testimony.

The appellee answered by saying for the sake of argument that, if the charge was not proper, still the vice was expunged or eliminated therefrom by the closing language therein, to wit:

"But these facts, together with all the other facts and circumstances in evidence, are to be considered by you in determining her state of mind at the time of the execution of the will."

Appellee cites specially, among other cases, the case of Earl v. Mundy (Tex. Civ. App.) 227 S. W. 716, as settling that objection. While the cited case is a very lenghty discussion of the law in regard to the execution and proof of wills, we discover, after a careful reading of the same, that it does not support appellee's contention, and grows out of a discussion of undue influence, which the court instructs the jury may be proven by circumstantial evidence, and—

"If you believe from the evidence, after considering all the facts and circumstances in evidence before you that the codicil, etc.,  *  *  * you should answer, 'Yes.' "

It is utterly foreign to the question raised here as to a charge on the weight of the evidence in this case.

[1] There is no difficult question of law involved. Neither party will for a moment contend that under our system of practice a trial court in Texas can comment on and discuss the weight of testimony to the jury. Nothing is more carefully guarded than the prohibition against the court doing that. The right of parties to the full benefit of a jury trial requires the court to instruct juries only upon the law, and for the jury to pass upon all questions of fact that are allowed to go to them. Article 1971, R. S.; Tyler Ice Co. v. Tyler Water Co., 42 Tex. Civ. App. 210, 95 S. W. 649; Railway v. Murphy, 46 Tex. 356, 26 Am. Rep. 272; Davidson v. Wallingford, 88 Tex. 619, 32 S. W. 1030; Dwyer v. Bassett, 63 Tex. 277; Mayo v. Todor's Heirs, 74 Tex. 471, 12 S. W. 117; Biering v. Banks, 69 Tex. 599, 7 S. W. 90; Railway Co. v. Runnels, 92 Tex. 305, 47 S. W. 971; Parlin & Orendorff Co. v. Glover, 55 Tex. Civ. App. 112, 118 S. W. 731; Blum v. Strong, 71 Tex. 321, 6 S. W. 170; Gilmore v. Brown (Tex. Civ. App.) 150 S. W. 967; Davidson v. Wallingford et al., 88 Tex. 619, 32 S. W. 1032.

An examination of appellants' contention, as shown by the evidence, is to determine whether or not the evidence showed testamentary capacity at the time of the execution of the will. This did not involve a particular time, but did involve a period of many years. For instance, it was shown prior to making the will, as early as in 1915, there was evidence of insanity. She had hallucinations to the effect that she was cashier of the bank, and that the locket she was wearing was a wireless telephone instrument, and that she was possessed with a pass by which she could travel over all the world. Many of the witnesses testified to facts and circumstances in respect to her dementia. Several doctors testified on the subject.

The eminent specialist in the treatment of nervous and mental diseases, Dr. Thomas Dorbant, of San Antonio, testified as to her insanity that prior to her death she completely lost her reason; that he had treated other members of the family for the same cause; and that in his opinion a certain type of insanity was hereditary in the family, and the type of insanity with her was that her mind grew gradually weak, until she became irresponsible, and could not take care of herself in business; and in 1920, when the will was made, she was not of sound mind, and was incapable of understanding the effect of her act in disposing of her property.

[2] We have not, and will not, set forth more of the testimony, as the foregoing is sufficient to have an understanding of the error in the court's charge. Insanity may be, and often is, a hard thing to determine. It is a fact question, requiring a very great latitude of investigation, and it requires a close observance of the party. It may cover a short period, or a very great period of time. By this charge the jury is told, in effect, that the insane acts of a person prior to the date of the execution of a will would not render it invalid, and that the acts of insanity after its execution would not render it invalid, provided she had testamentary capacity at the time. Suppose the day before the execution of the will she was found to be insane, according to this charge the jury are told it would not render it invalid. Of course the illustration is extreme, but it only shows how unguarded was the charge. By telling them to consider all other facts does not relieve the charge of the vice that those insane acts, prior and subsequent to the execution of the will, do not render the will invalid. The jury should have been unrestrained in the consideration of the issue, without qualification, suggestion, limitation, or other thing, but to consider all the evidence that was introduced. Insanity here was a fact to be proven, and the jury should have been allowed to pass on and weigh every cogent fact without any limitation to reach a conclusion. Appellant was attempting to establish the want of her testamentary capacity by evidence of prior and subsequent acts, which was proper.

[3, 4] The law requires that applications for the probate of wills shall be in writing, and that the will itself shall be filed with the application. Then the will "shall remain in the office of the clerk with whom it is filed, unless removed therefrom by order of the county or district court." It is not contemplated that the will shall be attached to the application at all, but that it is to be separately filed and to remain in court. Article 3271, R. S., provides what facts must be shown affirmatively before it shall be admitted to probate as the last will and testament of the deceased. Among the precedent requirements to be proven is "that the party was of sound mind." That is a burden resting upon the proponents of the will, and likewise among the other formalities is "that such will has not been revoked." While the burden rests upon the party seeking to probate the will in the first place, when the will is attacked on the ground of fraud and undue influence, the burden shifts on those grounds to the attacking party. The will must be produced and proven, or its absence accounted for to allow its probate. There is no escape from these statutory requirements. Article 3274, R. S., provides, when the will is probated, an order to that effect shall be entered upon the minutes of the court, together with the application and all the testimony, except only the substance of depositions on appeal. Article 3275, R. S. "A certified copy of such record of testimony may be read in evidence on the trial of the same." This refers only to testimony.

[5] Article 3638, R. S., provides:

"All causes removed by appeal to the district court shall be tried anew, as if originally brought in such court."

This, as a matter of course, would require appellees to produce and prove up the will. There is no positive evidence introduced of the will itself. There are many inferences that there was a will before the court, but not the will itself. The will copied in the judgment of the district court, without other proof, does not meet the requirement, and we sustain appellants' assignment and proposition on this ground.

For the reasons given, the judgment of the trial court is reversed and the cause remanded for a new trial.