D. F. CASTLEMAN v. BARNEY SHERRY.

1. INSTRUCTIONS—SALE OF NEGRO.—A negro woman was sold and de-
livered in November, 1864, without bill of sale, was held by vendee
until emancipation. In a suit by the vendor of the negro for specific
performance of a parol contract for sale of a tract of land which by
contract was to be part consideration for the negro, possession of
which had been given: *Held*, error to instruct the jury that a bill of
sale was necessary to pass title to the negro, or that plaintiff should
show title and right to convey the negro.
2. CHARGE UPON WEIGHT OF EVIDENCE.—To charge the jury that
evidence of the admissions of a party is dangerous and liable to
abuse : *Held*, error as charge upon the weight of evidence.
3. PAROL SALE OF LANDS—CONSIDERATION.—A negro sold and de-
livered in consideration of land by parol, possession of the land
having been delivered, is sufficient as a payment to take the contract
out of the statute of frauds.
4. See case of parol sale of land enforced.

APPEAL from Red River.   Tried below before the Hon.
A. II. Latimer.

David F. Castleman, for use of Francis G. Goodman, De-
cember 5th, 1865, sued Barney Sherry for specific perform-
ance of a parol contract for the sale of a tract of land in
Red River county.

The pleadings and evidence showed that in November,
1864, Goodman delivered to Sherry a negro woman, for
which Sherry was to convey to Goodman the tract of land,

and was to deliver some cattle and hogs. At the time of the contract Sherry put Goodman in possession of the land and delivered the cattle and hogs. He received no bill of sale to the negro woman, and she was in his possession at emancipation.

The testimony as to the terms of the contract was the declarations of Sherry at the time of its execution and after suit.

The defense was the statute of frauds and absence of valuable consideration. There was testimony by Sherry to a new contract rescinding the parol, but this was not pleaded.

The court instructed the jury that the plaintiff, Castleman, must prove:

1st. That he had a good title and a right to sell the negro woman alleged to have been the consideration for the land.

2d. That he made and delivered a bill of sale to said negro woman, or offered to do so by way of proffer or tender.

3d. That he went into possession of said tract of land and made valuable improvements thereon.  *  *  *  *

Evidence to establish a fact by the admission or confession of a party, should always be scrutinized and received by the jury with caution, as it is regarded in the eye of the law the most dangerous that can be admitted in a court of justice, and the most liable to abuse.

Verdict and judgment for defendant. Motion for new trial overruled. Appeal by plaintiff.

*J. H. Clark* and *W. E. Wootten,* for appellant, cited Dugan *v.* Colville, 8 Tex., 126; Hunt *v.* Turner, 9 Tex., 385; Whitson *v.* Smith, 15 Tex., 36; Taylor *v.* Ashley, 15 Tex., 52; Neatherly *v.* Ripley, 21 Tex., 435; Ottenhouse *v.* Burleson, 11 Tex., 87; Burleson *v.* Burleson, 11 Tex., 2; 2 Story Eq. 761, *et seq.;* 4 Kent, 451; Garner *v.* Stubblefield, 5 Tex., 559; Reynolds *v.* Johnston, 13 Tex., 215; McKinney *v.* Fort, 10 Tex., 233.

REEVES, ASSOCIATE JUSTICE.—The evidence establishes the sale by appellee to appellant of the land in controversy. It was admitted by appellant in his evidence before the jury. The general denial put the plaintiff upon proof of the allegations of his petition, but it is apparent that the sale and purchase was not seriously contested, and the real grounds of defense are disclosed in the special answers. It is alleged in substance· that the plaintiff never paid for the land, that the sale was verbal, and that defendant never made a written title to plaintiff for the slave. The title to the negro woman was not put in issue by the pleadings. It does not appear that the plaintiff was asked to make a bill of sale to the slave, or that he refused to do so. The defendant took possession, and his right was not questioned before the destruction of slavery by the Government. The title to the slave vested without a bill of sale, as decided in the case of McKinney *v.* Fort, 10 Tex., 220, and referred to in the brief for appellant. It does not appear that the court submitted the evidence as to a rescission of the contract to the jury, or that the evidence was objected to by plaintiff before the jury. This evidence may have had some influence on the verdict, but as the case will be disposed of on other grounds, it is not deemed necessary to examine it.

Under the pleadings, the charge of the court that the plaintiff must prove that he had a right to sell the negro woman, and that he had made and delivered to the defendant a bill of sale for the woman, or had offered to do so before he could recover in this suit, is believed to be erroneous.

The charge is further objectionable as being upon the weight of the evidence, when the court tells the jury that evidence of the admissions of a party is regarded as dangerous and liable to abuse, &c. Such expressions as these, found in every treatise on evidence, are to be regarded as matters of argument rather than rules of evidence having

the force of law, upon which the court should instruct a jury. They should be left free to make up their verdict, judging for themselves of the credibility of the witnesses and of the weight to be given to the evidence, under instructions by the court declaring the law applicable to the case, the verdict being subject to the action of the court on a motion for a new trial.

The instructions asked by plaintiff, in substance, that if he had proved payment of the purchase money or the consideration, and had been put in possession of the land under his contract of purchase by defendant, and had made valuable improvements, should have been given to the jury. Such acts as these, though the contract was in parol, would take the case out of the statute of frauds requiring contracts for the sale of land to be in writing, and specific performance would be dcreed, as this court has frequently decided heretofore, and at the present term in the case of Ann Berta Lodge *v.* M. J. Leverton, from Anderson county. In this case these questions, and what acts will amount to part performance, and when specific execution of the contract will be decreed and when not, are so fully examined in the elaborate opinion delivered by Justice Moore, that a reference to the case is deemed sufficient without further citation of authorities.

For error in the charge of the court, the judgment is reversed and remanded.

REVERSED AND REMANDED.