## ROBERT HANNA v. KATE L. HANNA.

### No. 104.

**1. Divorce—Admissions Excluded.**—Article 2863, Revised Statutes, as construed by our courts, excludes proof of every statement or declaration made by a defendant to a divorce suit, tending to prove any of the grounds for divorce alleged in the petition by the plaintiff.

**2. Same—Acts of Defendant as Evidence.**—It being alleged as ground for divorce that the defendant had communicated to plaintiff a loathsome disease, it was competent to prove that the defendant had employed a physician to treat himself and wife; to prove his declarations to the physician as to his own symptoms, but not as to those of his wife; to prove that defendant had sent a package of medicine to plaintiff, and to read the instructions accompanying as to the mode of using it, and to prove the nature and uses of the medicine so sent.

**3. Same—Husband Communicating Disease to Wife.**—It was also competent to prove that the defendant was a libertine, and in the habit of contracting such diseases, and had done so at other times than as alleged in the petition. A man by debauchery may become so physically diseased as to render his living with the wife insupportable.

**4. Res Gestæ—Case Approved.**—McGowen v. McGowen, 52 Texas, 660, adhered to, as to facts constituting res gestæ. See example.

**5. Charge.**—A charge must not assume as true a fact controverted by the evidence, nor give undue prominence to nor intimate an opinion upon the weight of the testimony. It was therefore improper to instruct the jury that " an opprobrious epithet conveying the idea of a lack of chastity would to a wanton cause no pain, while applied to a pure and gentle wife, no tongue could tell the anguish, the shame, the sense of humiliation it would bring."

**6. Charge on Weight of Evidence.**—The rule is settled in this State, that any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature of things, is a charge upon the weight of evidence.

**7. Condonation.**—The question of condonation is a fact which should be simply submitted to the jury, and it was improper to cite in the charge a case or cases illustrating the defense.

APPEAL from Limestone.     Tried below before Hon. RUFUS HARDY.

*Jackson & Rucker*, for appellant, cited: Rev. Stats., arts. 2863, 2247, 1317; Endick v. Endick, 61 Texas, 559; Stafford v. Stafford, 41 Texas, 111; Holman v. Criswell, 13 Texas, 43; Hampton v. Dean, 4 Texas, 455; Altgelt v. Brister, 57 Texas, 432; Heldt v. Webster, 60 Texas, 207; 1 Bish. on Marr. and Div., sec. 735; 2 Bish. on Marr. and Div., sec. 632; 1 Greenl. Ev., secs. 254, 334, 337.

*W. A. Kinkaid*, for appellee, cited: McGowen v. McGowen, 52 Texas, 660; Pinkard v. Pinkard, 14 Texas, 356; Taylor v. Taylor, 18 Texas, 574; Edwards v. Dismukes, 53 Texas, 605; Wright v. Wright, 6 Texas, 3; Brown v. Sullivan, 71 Texas, 471; Smith v. Montes, 11 Texas, 24; McFarland v. Wofford, 16 Texas, 602; Cox v. Shropshire, 25 Texas, 113;.

Maloney v. Roberts, 32 Texas, 136; Johnson v. Timmons, 50 Texas, 521; Eastman v. Eastman, 75 Texas, 474; Gaston & Thomas v. Dashiell, 55 Texas, 508; Hussey v. Moser, 70 Texas, 45; Galveston v. Morton, 58 Texas, 409; Railway v. Hardy, 61 Texas, 230; Newman v. Dodson, 61 Texas, 91; Anderson & Martindale v. Schultz, 61 Texas, 188.

KEY, ASSOCIATE JUSTICE.—This is a divorce suit. The questions to be decided arise upon the ruling of the court upon the admissibility of certain testimony, and its action in giving certain instructions to the jury.

The main ground for a divorce relied on by appellee in her petition was, that appellant had communicated to her a loathsome venereal disease.

Article 2863 of the Revised Statutes of this State provides, that in all divorce suits the defendant shall not be compelled to answer upon oath, nor shall the petition be taken for confessed for want of an answer; but the decree of the court shall be rendered upon full and satisfactory evidence, independent of the confession or admission of either party.

This statute, as construed in Stratford v. Stratford, 41 Texas, 111, and Endick v. Endick, 61 Texas, 559, excludes proof of every statement or declaration made by a defendant to a divorce suit, tending to prove any of the grounds for a divorce alleged by the plaintiff.

Under this statute as thus construed, the court erred in permitting Dr. Rankin to testify that appellant told him that he had given appellee the pox. It was permissible for this witness to testify, that defendant employed him as a physician to treat himself and wife; and it was also permissible for the witness, in giving the data upon which he based his opinion as to the disease appellant had, to state the symptoms he discovered, and the statements made by appellant in describing his symptoms and complaints. But it was not proper for the witness to give in evidence the statement made by appellant in reference to appellee's condition, because it does not appear to have aided in diagnosing appellant's case, and was not made at the time of and formed no part of the witness' examination of appellee.

There was no error in permitting appellee to prove that appellant sent her, through the mail, a package of medicine, accompanied by written instructions as to the manner of its use. Sending the package of medicine was an act not an admission or confession, and the written instructions accompanying the package were part of that act, and admissible as such. That portion of the letter, however, which did not embrace the instructions as to the use of the medicine, but referred to other matters, was not admissible, and should have been excluded.

There was no error in permitting Dr. Cox to state the nature and uses of the medicine in the package.

The testimony of Mrs. Barkley, wherein she stated, that the plaintiff came to her house crying, and said defendant had just slapped her and

called her a bitch, was admissible.    The witness further stated, that appellee's face was red on one side; and that she had just come from home to witness' house, about 300 yards away.    Under the circumstances, the statement made by appellee was res gestæ.    McGowen v. McGowen, 52 Texas, 660.

The contention of appellant, that the testimony of this and other witnesses, tending to show that appellant had, in 1888, communicated to the appellee a venereal disease, was not admissible, because she had failed to allege in her petition that he communicated the disease to her save in the two instances shortly after their marriage, is not tenable.    The probability of appellant communicating such diseases to appellee in the future was a matter of legitimate inquiry upon the question of the insupportability of the alleged excesses and cruel treatment.    It was, therefore, permissible to prove that appellant was a libertine, in the habit of contracting such diseases, and that he had, on other occasions than those averred in the petition, communicated such disease to appellee.    A man may, as a result of his own debauchery, become so diseased as that living and cohabiting with him will probably destroy the health of his wife; and we are not prepared to say that such fact would not, of itself, entitle a pure and innocent woman to a divorce, in the absence of specific proof that he had communicated to her a loathsome venereal disease.    Eastman v. Eastman, 75 Texas, 474.

The sixth paragraph of the court's charge to the jury reads as follows:

"As to what acts or facts would constitute excesses and cruel treatment or outrages of a nature calculated to render living together insupportable, there can be no rule that might apply to all cases, but each case is a rule to itself; what would be an indescribable cruelty to a delicate, refined woman might be a matter of indifference or a mere jest to a coarse or sensual one.    An opprobrious epithet conveying the idea of a lack of chastity would to a wanton cause no pain, while applied to a pure and gentle wife, no tongue can tell the anguish, the shame, the sense of humiliation it would bring.    A blow from a man inflicted on a true woman is an act of deepest indignity.    A blow from a fretted woman, on the other hand, inflicted upon a strong man, would scarcely be more than a cause for laughter.    And you are further instructed, that the voluntary communication of a venereal disease, or the reckless communication of it by a husband to a virtuous wife would be one of the harshest of outrages; and if the defendant became afflicted with venereal disease, and knowingly communicated it to his wife, or if he recklessly exposed himself, and through himself his wife, to the hazard of such a disease, and thereby communicated it to her, then he would be guilty of such outrage toward the plaintiff; and where such disease is communicated it is presumed, unless the contrary is shown, that it was so communicated knowingly. Without naming again the further charges of plaintiff's petition, you are

instructed, that in determining whether the facts which you find constitute such cruelty, excesses, or outrages as is referred to in paragraph 3 of the court's charge, you will consider all the evidence that explains or throws light upon the character, temperament, feelings, disposition, and condition of plaintiff; the question to be determined being under all the evidence, do the facts proven as alleged constitute such ill treatment as renders living together with defendant insupportable to plaintiff."

This charge is complained of as not being the law, as giving undue weight to the plaintiff's theory of the case, and as upon the weight of testimony.

The greater part of this instruction ought not to have been given. It was proper to submit to the jury the question, whether or not the wrongful acts charged in the plaintiff's petition as constituting excesses, cruel treatment, and outrages had been proved; and whether or not, if found to be true, they constituted such excesses, cruel treatment, or outrages toward the plaintiff as rendered her longer living with defendant insupportable. And it was also proper for the court to tell the jury, as it did, that in passing on this latter issue, they should consider the testimony as to the character, temperament, feelings, disposition, and condition of the plaintiff. But it was improper to charge the jury, that " an opprobrious epithet conveying the idea of a lack of chastity would to a wanton cause no pain, while applied to a pure and gentle wife, no tongue could tell the anguish, the shame, the sense of humiliation it would bring."

These, and other expressions and statements in the charge of a similar nature, were argumentative and upon the weight of evidence. Though expressions of this kind may often be found in text books and opinions of courts, nevertheless in this State, where the statute prohibits the trial judge from commenting upon the weight of testimony, such expressions ought not to be incorporated in a charge to a jury. In construing the statute referred to, it has become a settled rule, that the charge must not assume as true a fact controverted by the evidence, nor give undue prominence to nor intimate an opinion upon the weight of testimony. Castleman v. Sherry, 42 Texas, 59; Dwyer v. Bassett & Bassett, 63 Texas, 275; Mayo v. Tudor, 74 Texas, 471; Schunior v. Russell, 83 Texas, 83.

If the defendant communicated the disease to his wife without knowing that he himself was afflicted with it, his conduct was less culpable than it would have been had he known his own condition; and while, from all the other facts and circumstances, the jury might reasonably infer, if he communicated it to her, that he did so knowingly, still such inference is not a matter of law, to be given in charge by the court, but a matter of fact, which the jury may or may not find, according to all the circumstances of the particular case. The rule is settled in this State, that " any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature

of things is a charge upon the weight of evidence." Heldt v. Webster, 60 Texas, 207; Biering v. Bank, 69 Texas, 599.

The seventh paragraph of the charge, on the question of condonation, is also objected to as being upon the weight of evidence and misleading.

We think the court should have simply submitted the question of condonation to the jury, without citing as an illustration the adultery case decided by our Supreme Court.

This disposes of all of the questions presented in appellant's brief; and for the reasons pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 15, 1893.