HALE v. BARNES.

(Court of Civil Appeals of Texas. Austin. Feb. 26, 1913.)

1. MALICIOUS PROSECUTION (§§ 16, 56*)—ELEMENTS OF ACTION.

In order to entitle one to recover for wrongfully suing out an attachment, he must show that no probable cause existed for it, and that defendant was actuated by malice.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 19–22, 59, 112–116; Dec. Dig. §§ 16, 56.*]

2. MALICIOUS PROSECUTION (§ 64*) — MALICE —EVIDENCE.

While, in absence of contrary evidence, the jury may find malice as a fact upon proof of want of probable cause for wrongfully suing out an attachment, the facts and circumstances may show that no malice in fact existed, even in the absence of probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 151–153; Dec. Dig. § 64.*]

3. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a cross-action for wrongfully suing out an attachment, the court charged that a debtor was not required to apply the proceeds of his property to any particular debt; that a debtor's failure to pay his debts was not ground for attachment or justification for suing out the writ; that the fact that a creditor desired to collect his debt and needed the money would not justify suing out the writ; that neglect to pay a debt, or carelessness in the conduct of business, or the mortgaging of property by a debtor to procure money to pay his debts, would not justify the belief that he was about to convert his property into money in order to get it beyond the reach of creditors; and that probable cause to believe that the grounds set forth in the affidavit and attachment would be based by plaintiff, when he caused the affidavit to be made, upon competent evidence then before him; and further instructed that one who resorts to an attachment does so at his peril, and that no belief, however sincere, that the grounds set out in his affidavit are true, etc., would excuse him. Held, that the instruction was erroneous as upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

The statute prohibits the trial judge from incorporating in his instructions anything which might reasonably be construed as intimating his opinion as to how the case should be decided, or as to the weight to be given the evidence, unless it is not conflicting and clearly establishes the fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

5. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

The court cannot instruct that certain evidence does not prove a particular fact, the statute prohibiting instructions as to the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from Coryell County Court; G. E. Johnson, Judge.

Suit by N. P. Hale against J. P. Barnes, in which defendant filed a cross-action. From a judgment for defendant on his cross-action, plaintiff appeals. Reversed and remanded.

This suit originated in a justice's court, was appealed to and finally tried in the county court, where a judgment was rendered for the defendant on his cross-action against the plaintiff, and the latter has brought the case to this court for revision. The plaintiff's suit was founded upon a verified account for $169.50. At the time he commenced his suit, the plaintiff sued out an attachment and caused the same to be levied upon the defendant's interest in six bales of cotton, which was three-fourths thereof. In order to obtain the attachment the plaintiff caused an affidavit to be made by his agent to the effect that the defendant was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors, and that the plaintiff would probably lose his debt, unless such attachment was issued. The cotton was held in the custody of the officer who levied the attachment for about 10 days, whereupon it was replevied by and delivered to the defendant. The defendant filed a cross-action, charging that the attachment was wrongfully and maliciously sued out, and alleging that, as a result thereof, he was entitled to recover $25 as actual damages, and $175 as exemplary damages. The defendant did not deny the justness of the plaintiff's account; and, under instructions from the court, the jury found in favor of the plaintiff for the amount of the account; and on the issue submitted as to the defendant's claim for damages, the jury found for him $15.50 actual and $175 exemplary damages, showing an excess of $21 in favor of the defendant, for which amount the court rendered judgment.

Among other things, the court instructed the jury as follows: "In this connection you are further charged that the party who resorts to an attachment does so at his peril. No belief, however firm and sincere, that the grounds set out in his affidavit are true, can affect the defendant's right to recover against plaintiff the actual damages sustained, if in fact said grounds are untrue, and the defendant having pleaded in reconvention on a claim for actual damages for the wrongful suing out of the attachment, you are authorized, if you believe the attachment was wrongfully sued out, to give his (him) a verdict for all the actual damages sustained, if any, not to exceed the amount of his plea under the foregoing instructions. You are further charged that if you believe from the evidence that said affidavit for attachment was not true, and that the attachment was sued out and levied without probable cause and with malice, then defendant would not only be entitled to recover his actual damages, if any, but you would, in addition thereto, be authorized to award to the defendant exemplary damages also, the amount of which to be determined by you from all the facts and circumstances in evidence, but you are charged that, if there was probable cause for the issuance of the writ, then there could not be exemplary damages."

At the request of the plaintiff the court instructed the jury that, in order for the defendant to recover upon his cross-action, the burden rested upon him to show that the grounds upon which the plaintiff caused the writ of attachment to issue were untrue, and in order to recover exemplary damages that there was no probable cause for the issuance of the attachment. At the request of the defendant the court instructed the jury as follows: "(1) You are charged that a debtor has the right to appropriate his property or the proceeds thereof to the payment of his debts, and that he has the right also to use so much thereof as is necessary in the support of his family, and that so long as he is using the proceeds thereof for such purposes such use is not a disposition of such property condemned by law. If therefore you find from the evidence in this case that the defendant, J. P. Barnes, at the time of the suing out of the attachment in this case, was using his property for the purpose of procuring money to pay just debts then existing, or of securing the payment of valid debts then existing against him, and in the necessary support of his family, then the defendant would not be converting his property in whole or in part to money for the purpose of placing it beyond the reach of his creditors as charge in the affidavit for attachment herein. (2) You are charged that a debtor is not required to apply the proceeds of his property to any particular debt, but that if he is apportioning his property to the payment or securing of any of his indebtedness he is not thereby converting the same into money for the purpose of placing it beyond the reach of creditors. You are also charged that the failure or refusal of a debtor to pay any one of or all his debts is not ground for attachment, and is no justification for suing out such writ, and further that the fact that a creditor may desire to collect his debt and may need his money is not such ground for attachment and is not justification for suing out the writ.

Also that a debtor may apply the proceeds of his property to any debt he desires, and such application will not justify another creditor to attach his property. (3) At the request of the defendant you are charged, gentlemen of the jury, that 'probable cause,' as used in this charge, is defined to be a belief founded upon reasonable grounds, and would be such cause as business men generally of care and prudence would act under like circumstances, that neglect to pay the debt, or mere carelessness in the conduct of business or the mortgaging of property by defendant to secure valid debts or with which to procure money applied to the payment of just and valid debts would not justify the belief that the defendant was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors, and that probable cause to believe him the ground set forth in the affidavit in attachment in the case would be based by plaintiff, when he caused the affidavit to be made, if he did, upon competent evidence then before him."

R. F. Moore, of Gatesville, for appellant. S. P. Sadler, of Gatesville, for appellee.

KEY, C. J. (after stating the facts as above). Appellant's brief contains four assignments of error, and these complain of the action of the trial court in giving the defendant's requested instructions Nos. 2 and 3, and challenge the verdict of the jury in so far as it awarded to the defendant exemplary damages, and also charges that the amount awarded is excessive. The proof shows that appellant, Hale, was a merchant, and that appellee, Barnes, was indebted to him in the sum of $169.50 for merchandise sold to the latter during the year 1911. It also tends strongly to show that appellant entertained no ill will toward appellee; that prior to suing out the attachment the former had been endeavoring to collect his account against the latter, and had offered to buy his cotton and allow him 25 points more than the market value thereof, in order to procure a settlement of the debt referred to; and that before suing out the attachment appellant had received information that appellee had mortgaged his interest in four bales of his cotton. The testimony referred to, which was not contradicted, tends strongly to show that if probable cause for suing out the attachment did not exist, nevertheless, appellant did not act maliciously in suing it out.

[1] In order for the defendant to recover on his cross-action, the burden rested upon him to show, not only that the attachment was wrongfully sued out, but that no probable cause existed for the issuance thereof, and that appellant was actuated by malice in causing it to issue.

[2] It has often been said by text-writers and judges that malice may be inferred from a want of probable cause; and, while it may be true that, in the absence of proof to the contrary, a jury may find malice as a fact where the proof shows a want of probable cause, still the facts and circumstances may show that no malice in fact existed, even in the absence of probable cause. Kaufman & Runge v. Wicks, 62 Tex. 238. So, to say the least, it is very doubtful if this verdict ought to be permitted to stand; but, as other grounds exist for reversal, we need not determine whether or not the case should be reversed solely upon the complaint against the verdict.

We sustain the first and second assignments, which complain of the action of the court in giving special charges Nos. 2 and 3 requested by the defendant. These charges, especially when taken in connection with the paragraph of the main charge hereinbefore set out, were upon the weight of the testimony, and were calculated to prejudice the rights of appellant.

[3] The first part of the paragraph of the court's charge referred to, stating that a party who resorts to an attachment does so at his peril, and that no belief, however firm and sincere, that the grounds set out in his affidavit are true, etc., should ever be incorporated in a charge to a jury, while the statute which prohibits a trial judge from commenting to the jury upon the weight of the testimony remains in force. In saying this we are not unmindful of the fact that a charge in this language was approved by the former Court of Appeals in Handel v. Kramer, 1 White & W. Civ. Cas. Ct. App. § 827. But, in view of the many decisions of the Supreme Court of this state condemning such charges, that case should not be considered as authority. The provision of the statute which prohibits a trial judge from commenting to the jury upon the weight of testimony is a modification of the common law, was enacted in the early history of this state, has been the source of much confusion, and has, perhaps, produced more reversals than any other one cause. Perhaps many of those who institute comparisons between trial judges in this state and those in England and elsewhere, where no such restrictions are placed upon the judge, are unaware of the existence of this statute, and of the fact that, as long as it remains in force, a trial judge cannot exercise the dominant influence that such a judge exercises in England and many other places. But this law was made by the people, acting through their duly elected representatives in the Legislature, and, until that body sees proper to change it, the courts have no right to decline to enforce it.

[4] It has been construed by our Supreme Court as inhibiting the trial judge from incorporating in his charge anything that might reasonably be construed as intimating to the jury his opinion as to how the case ought to be decided, or as to the weight that should be given to any testimony, unless

there is no conflict in the testimony, and it clearly establishes a certain fact. Castelman v. Sherry, 42 Tex. 59; Dwyer v. Bassett, 63 Tex. 274; Mayo v. Tudor's Heirs, 74 Tex. 471, 12 S. W. 117; Schunior v. Russell, 83 Tex. 83, 18 S. W. 484; Sparks v. Dawson, 47 Tex. 138; Heldt v. Webster, 60 Tex. 207; Lee v. Yandell, 69 Tex. 34, 6 S. W. 665; Railway Co. v. Kutac, 76 Tex. 473, 13 S. W. 327; Ry. Co. v Harriett, 80 Tex. 73, 15 S. W. 556; Hanna v. Hanna, 3 Tex. Civ. App. 51, 21 S. W. 720; Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963.

Concerning most that is contained in the special charges asked on behalf of appellee and complained of by appellant, and that portion of the court's charge which we have criticised, though it is not assigned as error, we think the observations of Judge Gaines in Railway Co. v. Harriett, supra, concerning a requested instruction in that case, are pertinent: "The proposition contained in the instruction is probably sound, but it is one which would come more properly from counsel in argument than in the charge of the court."

[5] On account of the prohibitory statute referred to, a judge has no more right to tell the jury that certain evidence does not prove a particular fact than he has to tell them that certain other evidence does prove such fact. In Wood v. Chambers, 20 Tex. 248, 70 Am. Dec. 382, such argumentative charges were condemned, but the case was not reversed because of the fact that Wood, the appellant, was the first offender, and had requested a number of special charges in effect arguing his side of the case. Thereupon counsel for Chambers asked a series of charges of a similar nature on their side of the case; and, while the court condemned many of those asked by each party, it held, in effect, that Wood was estopped from complaining of that course, because he invited it, and because each party had been treated alike in that respect.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.