## SMITH v. GUERRE. (No. 752.)

(Court of Civil Appeals of Texas. Amarillo. March 27, 1915. Rehearing Denied April 24, 1915.)

1. APPEAL AND ERROR ⬯1002 — REVIEW — JURY'S FINDINGS—CONFLICTING EVIDENCE.

A jury's findings of fact on conflicting evidence are conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⬯1002.]

2. PLEADING ⬯8 — LEGAL CONCLUSION — FRAUD.

Fraud must be specifically pleaded, and so when it is alleged that by false and fraudulent representations, and by overreaching by flatteries and persuasions a conveyance was induced, exceptions to the pleading should be sustained as merely stating a legal conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ⬯8.]

3. EVIDENCE ⬯507 — SUBJECT OF OPINION EVIDENCE.

Whether a person is well treated by his wife and family is a question of fact not calling for the opinion of an expert.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2310; Dec. Dig. ⬯507.]

4. TRIAL ⬯75 — WAIVER OF ERROR—ADMISSION OF EVIDENCE.

Error in admission of opinion evidence of a fact is waived by failure to object to like evidence thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 171–182, 252; Dec. Dig. ⬯75.]

5. TRIAL ⬯85—RECEPTION OF EVIDENCE—NECESSITY OF SPECIFIC OBJECTION.

It was not error to overrule an objection which did not point out the particular part of an interrogatory objected to, and which did not separate the objectionable portion from the remainder of the answer clearly admissible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. ⬯85.]

6. EVIDENCE ⬯510—MENTAL CAPACITY—EXPERT OPINION.

On an issue as to contracting capacity, an expert's opinion that he does not believe the party was ever capable of making a good trade, because of his mental condition and his implicit confidence in people, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2314; Dec. Dig. ⬯510.]

7. EVIDENCE ⬯510 — EXPERT OPINION — STATEMENT OF LEGAL CONCLUSION.

Such answer did not involve the statement of a legal conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2314; Dec. Dig. ⬯510.]

8. EVIDENCE ⬯501 — MENTAL CAPACITY — BASIS FOR OPINION.

On an issue as to contracting capacity, a witness testified that in talking to the party on different occasions, he would pause, look off in a staring way, and continue to do so, reach in his pocket for tobacco, and again begin conversation, and so made witness guess as to his mental condition, and that at threshing time he saw him do things which to witness seemed uncalled for and unreasonable. Held, that this did not furnish basis for an opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. ⬯501.]

9. APPEAL AND ERROR ⬯1066—PREJUDICIAL ERROR — INSTRUCTIONS — STATEMENT OF ISSUES.

Improperly stating the issues is not ordinarily reversible error; but, where rescission of a contract is sought for insanity of a party alone, and the court, in reciting the issues, stated it was alleged that he "was, by reason of impaired health and weakness of mind, wholly incapacitated," the error was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ⬯1066.]

10. TRIAL ⬯352—SPECIAL ISSUES—SUBMISSION TO JURY.

Where in a case involving capacity of a party executing a contract, and a deed and notes 30 days thereafter, it appears that, if insane, his mental capacity was intermittent, special issues to the jury as to his capacity when they were executed should be submitted disjunctively.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. ⬯352.]

11. CONTRACTS ⬯99 — MENTAL CAPACITY — BURDEN OF PROOF — AVOIDANCE OF DEFENSE.

In an action against a wife, based on transactions with her deceased husband, plaintiff had the burden of proving ratification and affirmance thereof, pleaded by him in avoidance of her defense that her husband was insane when he executed the contract, deed, and notes sued on.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197–1199, 1799, 1800; Dec. Dig. ⬯99.]

12. CONTRACTS ⬯92—CONTRACTING CAPACITY—INSTRUCTION.

On an issue as to the contracting capacity of a party, the court charged that the question for the jury to decide was whether he had sufficient mental soundness and capacity to understand the nature, terms, and effect of the contract and transaction in detail, and as a whole to determine and appreciate the rights, benefits, and values he was acquiring, and the rights, values, and obligations exchanged therefor, to hold these elements of the details in his mind and reflect on them rationally, and to exercise his mind in respect to them in a rational way. Held, that the charge was not overexacting in its requirements.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 411–414, 1153, 1155; Dec. Dig. ⬯92.]

Appeal from District Court, Randall County; Jas. N. Browning, Judge.

Action by S. H. Smith against Mollie C. Guerre. From a judgment for defendant, plaintiff appeals. Reversed.

See, also, 159 S. W. 417.

Gustavus & Jackson and A. S. Rollins, of Amarillo, for appellant. Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellee.

HALL, J. Appellant brought this action against appellee, surviving wife of E. R. Guerre, to recover upon certain notes executed by deceased, E. R. Guerre, and appellee, and to foreclose the vendor's lien on 353 acres of land off of the north side of section No. 100, block 9, B. S. & F. surveys, in Randall county, and to foreclose a lien assumed by deceased and appellee against the entire section for the payment of one-half of a vendor's lien note in addition to the notes executed by appellee and her husband. Appellee pleaded coverture; that her deceased husband was insane at the time of making the

contract and executed the deed and notes; that appellant had a superior knowledge as to land values; that she was unskilled in trading; that plaintiff and those interested with him, by false and fraudulent representations, overreached her deceased husband in the making and execution of the contract, deed, and notes; that the property which plaintiff obtained greatly exceeded in value the property conveyed to appellee and her husband. She prayed for rescission of the contract and cancellation of the notes, that she have judgment against plaintiff for the difference in the value of the property, and that a lien be established against the land in Randall county to secure the payment to her of such difference. By supplemental petition appellant admitted defendant's plea of coverture, specially denied the fraud and the insanity of appellee's husband, pleaded that the deceased, E. R. Guerre, instituted a suit against him to enforce specific performance of a contract entered into between them in the year 1909, which had been breached by the deceased; that after said suit had been pending for some time the said E. R. Guerre, now deceased, approached appellant for the purpose of reaching some compromise agreement of the matters in controversy; that after considerable negotiations the contract sought to be canceled was entered into, whereby plaintiff was to convey to said Guerre and his wife, appellee, on certain terms and conditions, the land in controversy; that said conveyance was made and notes executed in accordance with the terms of said contract; that appellee's husband was anxious to close the deal according to the contract because the land in Missouri which appellant received as part of the consideration for his conveyance was heavily incumbered by a large indebtedness then due; that the holder of the indebtedness was threatening to foreclose the lien on said lands in Missouri and for the purpose of settling the lawsuit the contract was entered into and the suit dismissed, and thereafter the deeds to the respective parties were exchanged; that if said E. R. Guerre was mentally incapacitated to understand and carry out any contract made by him, appellant was wholly ignorant thereof and never had any intimation of such fact until after the decease of E. R. Guerre; that the contract of sale and exchange was executed September 16, 1910; that it was consummated by the execution and exchange of deeds and notes on October 15, 1910; that thereafter E. R. Guerre, by his act and conduct, ratified and confirmed the transaction; that after the death of E. R. Guerre the appellee, Mollie C. Guerre, used and appropriated the proceeds and rents derived from the property, held possession of the same by tenants, and controlled and managed the same, and refused this plaintiff possession thereof, and by acts and conducts, with full knowledge of all the facts, ratified and confirmed the transaction in which the notes sued upon

were executed and assumed. By supplemental answer, appellee denied the allegations in plaintiff's supplemental petition with reference to the mental capacity of E. R. Guerre; denied that she or her husband ever ratified and confirmed the trade with full knowledge of its terms and conditions. The trial resulted in a verdict, canceling the contract and notes, and in favor of appellee against appellant, in the sum of $1,558.28, with interest at 6 per cent., and the establishment of a lien against the land in controversy to secure payment of said sum. From a judgment entered in accordance therewith, appellant has duly appealed.

[1] Appellant requested the court to direct a verdict in his favor, and upon the refusal of the court the first assignment of error is predicated. Upon the issue of the sanity of Guerre on September 16, 1910, when the contract was executed, and on October 15, 1910, when it was consummated by the execution and exchange of the deed and notes, the evidence is sharply conflicting. While it may preponderate in favor of his sanity, the jury found otherwise, and we are bound by the finding. The question of affirmance and ratification by appellee, as well as by her husband, are also raised under this assignment. These are simply questions of fact (Mo. Pac. Ry. Co. v. Brazzil, 72 Tex. 233, 10 S. W. 403), and we cannot disturb the jury's findings.

[2] Defendant pleaded:

"That in said alleged transaction and contract and by means of false and fraudulent representations made by plaintiff to E. R. Guerre, and by overreaching him with flatteries and persuasions, plaintiff induced E. R. Guerre to convey and defendant E. R. Guerre did convey to plaintiff, as part of the consideration for said Randall county lands, certain property in Lafayette county, Mo."

Appellant excepted to this allegation because there was no statement of what such false representations consisted, and of the flatteries and persuasions used, no allegation that the deceased ever believed or relied upon any such representations, and because no fact is stated upon which false representations would be predicated. The rule that fraud must be specifically pleaded is too well settled to require the citation of authorities. The allegation is merely the statement of a legal conclusion, and the exception should have been sustained.

The question raised under the third assignment will not probably arise upon another trial and will not be discussed.

[3, 4] Dr. Tucker, a witness for appellee, was permitted to testify that he believed certain thoughts and suspicions of Guerre were imaginary and not well founded; that Guerre thought he was not treated right at home by his wife and family. Whether or not Guerre was well treated by his wife and family was a question of fact which did not call for the opinion of an expert. Evidence of the same kind, however, was admitted from the witness Trail without objection. This is a

waiver of the error committed in admitting the evidence of Dr. Tucker.

[5] Appellant's objection to Dr. Tucker's evidence did not point out the particular part of the interrogatory which it was contended was objectionable, and did not separate the objectionable portion from the remainder of the answer which was clearly admissible. The court did not err in overruling an objection of this kind. Sanford v. John Finigan Co., 169 S. W. 624.

[6, 7] Over the the objections of appellant, the court permitted the answer of the witness Dr. Tucker to be read, to the effect that witness did not believe that deceased was ever capable of making a good trade, because of his mental condition and the implicit confidence he placed in people. This was only the witness' method of stating his opinion of the mental capacity of the deceased. That even a nonexpert witness may so testify has been held in Scalf v. Collin County, 80 Tex. 514, 16 S. W. 314. The answer did not involve the statement of a legal conclusion; and does not come within the inhibition announced in Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64.

[8] Objection was made to the answers of the witness Dammier, to a direct interrogatory, stating in effect that on different occasions, while witness was talking to Mr. Guerre, he (Guerre) would pause, look in a staring way in an off direction, and would continue to do so, reach in his pocket, and take a chew of tobacco and begin again the conversation witness was having with him, and by this action caused witness to often guess as to his mental condition; and at threshing time witness had seen him doing things which seemed to witness uncalled for and unreasonable. Reference to the bills of exception shows that witness did not state further than is above set out the facts upon which he based his opinion as to the mental capacity of Guerre to enter into contracts, consummate sales, and comprehend the nature and effect of his obligations, and the evidence should have been excluded.

[9] In the main charge the court erroneously stated the issues raised by the pleadings. This is not ordinarily reversible error. Gulf, Colorado & Santa Fé Railway Co., v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 369, unless called to the attention of the court by the complaining party. Milmo v. Adams, 79 Tex. 526, 15 S. W. 690. In reciting the issues the court stated that appellee had alleged the deceased—

"was by reason of impaired health and weakness of mind, wholly incapacitated to make and enter intelligently into said obligation."

Appellee sought to rescind upon an allegation of insanity alone, and we think this error was prejudicial. The matter having been called to the attention of the court in due time, the error should have been corrected.

[10] The court submitted special issue No. 1 as follows:

"The question for you to answer is, Was the said 'E. R. Guerre, now deceased, sane at the time he executed said contract, deed, and notes sued on? Let your answer be yes or no."

Appellant insists that because the contract was executed more than 30 days before the execution of the deed and notes, and because the evidence shows that if Guerre was insane at all, his mental incapacity was intermittent, the issues should have been disjunctively submitted. This contention is sustained by the holding in Southern G. & G. E. Co. v. Adams & Peters, 169 S. W. 1143, but the error was invited by appellant in requested special charges Nos. 2 and 7. In charging upon the question of insanity the court used this language:

"It is not necessary that a person should be so mentally unbalanced and insane as to make it necessary to confine him in an asylum or to have a guardian appointed to manage his estate before he can be considered incompetent to make a particular contract."

It is insisted that this portion of the charge is on the weight of the evidence, and we are inclined to the opinion that the objection was well taken. Whether we are correct in this or not the language is unquestionably argumentative, and for that reason should not have been given. Brown v. Mitchell, 88 Tex. 351, 31 S. W. 621, 36 L. R. A. 64; Hanna v. Hanna, 3 Tex. Civ. App. 51, 21 S. W. 720.

[11] The thirteenth assignment complains of the action of the court in placing the burden upon appellant to prove ratification and affirmance. Appellant having sought to recover upon the note and foreclose the deed and appellee having alleged their invalidity by reason of the insanity of her husband, it was clearly the duty of appellant to both plead and prove such facts as would avoid the defense. Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 721; Elston v. Jasper, 45 Tex. 490.

[12] Upon the issue of insanity the court charged the jury as follows:

"In this case in determining whether the deceased, E. R. Guerre, was mentally incompetent to make the contract and transaction of October 15, 1910, involved in this suit, when he executed the deed and notes sued on, the question for the jury to decide from the testimony submitted is this: Did the said E. R. Guerre have sufficient mental soundness and capacity to understand the nature, terms, and effect of said contract and transaction in detail, and as a whole to determine and appreciate the rights, benefits, and values he was acquiring and the rights, values and obligations which were exchanged therefor to hold these elements of the details in his mind and reflect upon them rationally, and to exercise his mind in respect to them in a rational way?"

The objection to this charge is that under such stringent requirements any man could establish his mental incapacity to make a valid and binding contract. "If a person at the time of making a conveyance has sufficient capacity to fully comprehend the nature and effect of the act, the conveyance is valid;

but if the grantor has not the capacity equal to a full and clear understanding of the nature and consequences of the act, the conveyance is invalid." 22 Cyc. 1170B. "The mental defect or disease necessary to entitle one to avoid his contract on the ground of insanity need not be so great as to dethrone his reason, or as to amount to an entire want of reason, but it is sufficient if he is insane to such an extent as to be incapable of comprehending or understanding the subject of the contract and its nature and probable consequences." 22 Cyc. 1206B. While the charge objected to is somewhat verbose, yet in its requirements it is no more exacting than we find are imposed by the rules quoted above from Cyc. Kaack v. Stanton, 51 Tex. Civ. App. 495, 112 S. W. 702.

The remaining assignments are either disposed of by what has hereinbefore been said, or are without merit. For the errors indicated, the judgment is reversed, and the cause remanded.