ANNETTE W. BOWMAN *v.* ROBERT L. BOWMAN.

(*February* 23, 1934.)

RODNEY, J., sitting.

*C. Edward Duffy* for plaintiff.

Superior Court for New Castle County, Divorce, No. 70, January Term, 1934.

RODNEY, J., delivering the opinion of the Court:

The petition does not allege, nor does the testimony disclose, any communication of the disease by the defendant to the plaintiff. The proof, in fact, shows that there was no marital intercourse after the contracting of the disease. I am, therefore, only indirectly concerned with the well established principle that a venereal disease, communicated

by one spouse to the other, constitutes cruelty. The testimony in this case merely shows the presence of the disease in the defendant.

Counsel for the plaintiff has expressed a desire to re-open the case to introduce additional evidence to the effect that after the defendant was infected with the venereal disease he, upon several occasions, requested marital intercourse with the plaintiff. It is not suggested that the testimony would go further or include any attempt or offer to enforce the request with any degree of physical force. I am considering the question as if this additional testimony had been given.

The question then presented is whether the existence of a venereal disease in a defendant accompanied by a mere request for intercourse constitutes cruelty. I am of the opinion that it does not.

While not strictly before me for determination, it may be assumed for the purposes of the discussion that the actual communication of a venereal disease by one spouse to another constitutes cruelty. See cases collected in 5 *A. L. R.* 1016; 8 *A. L. R.* 1540. The statutory ground of divorce is such cruelty as would endanger the health. It is inconceivable that a wife should legally be compelled to actually contract a loathsome disease in order to justify her action for divorce. Her health then might be "wrecked" instead of "endangered" which is the language of the statute. There must, of necessity, be some point short of actual contraction of the venereal disease that would justify the divorce action by the innocent party. So the Courts have viewed it. In *Popkin v. Popkin*, 1 *Hagg. Ecc.* 765-N, 162 *Eng. Rep.* 745, Lord Stowell held it cruelty for a husband to force his wife to his bed when he was violently affected with a venereal disease, stating:

"It is not necessary, when there is an attempt at violence by an overt act to wait until it is actually put into execution."

It may be suggested that the later case of *Ciocci v. Ciocci*, 1 *Spinks* 121, 164 *Eng. Rep.* 70, is inconsistent with the *Popkin Case*. The editor of the *Ciocci Case*, however, says the facts were so dissimilar that the *Popkin Case* was not impeached. 1 *Spinks* 133-*N*, 164 *Eng. Rep.* 77, *note*. If there should be any inconsistency between the two cases, then to the extent of such inconsistency the *Ciocci Case* was expressly overruled by *Foster v. Foster,·L. R. Prob. & Div.* (1921) 438, where Lord Sterndale said: "What was laid down in *Ciocci v. Ciocci* is too broad" and Justice Atkins says "I think we must be taken to be definitely differing from *Ciocci v Ciocci*." In *Foster v. Foster, supra,* Justice Atkins said:

"If a husband, knowing he has a venereal disease, insists upon having intercourse with his wife, who also knows that he has the venereal disease, he is guilty of conduct causing reasonable apprehension of bodily suffering. In that I am assuming that he insists or threatens to have intercourse against his wife's will, and, if he so insists, it appears to me that it is unnecessary to prove actual violence such as, without considering the right to marital intercourse, would amount to an assault. I think it would be sufficient if the husband, who has the right to intercourse, does in fact insist upon it and makes his wife know that he intends to insist upon it against her will."

There are but few cases in this country having a definite bearing upon the matter.

In *Lazarwitz v. Lazarwitz,* 102 *N. J. Eq.* 132, 139 *A.* 881, the attempt of a husband suffering from syphilis to force the petitioner to have sexual intercourse with him against her will was held to constitute extreme cruelty.

In *Witmer v. Witmer,* 243 *Mass.* 51, 136 *N. E.* 829, 830, the Court granted a divorce for a number of acts of cruelty, including (a) "compelling her on one occasion, and attempting to compel her on various other occasions by verbal threats, and by force, to have relations with him when he knew that she reasonably feared contracting a venereal disease from him."

The case of *Abramowitz v. Abramowitz (Sup.)*, 140 N. Y. S. 275, would seem to hold that a venereal disease constitutes cruelty "only when it is knowingly or willfully communicated." The matter now considered by me, however, seems not to have been involved in that case.

The case of *Leach v. Leach (Me.)*, 8 *A.* 349, and *Hanna v. Hanna*, 3 *Tex. Civ. App.* 51, 21 *S. W.* 720, when properly construed are not inconsistent with the conclusion here reached.

The only case to be found which holds that extreme cruelty may have been established by the mere presence of a venereal disease unaccompanied with any communication of it, or unaccompanied with any demand or request for intercourse after its presence is known, is *Canfield v. Canfield*, 34 *Mich.* 519. One cannot test that case by its reasoning, for there is none, it being merely a syllabus opinion. With the conclusion I do not agree.

Because in the present case there was no communication of the disease nor any demand for intercourse accompanied with a degree of insistence sufficient to indicate an intention to accomplish the desire against the will of the petitioner, I think the charge of extreme cruelty has not been made out. A mere request for intercourse by the infected defendant, the denial of which by the petitioner was immediately concurred in by the defendant does not in my opinion constitute extreme cruelty, under the statute, sufficient to authorize a decree of divorce.

It is, of course, apparent that I am not concerned with the principle that the presence of a venereal disease, when accompanied with other appropriate testimony, may be indicative of the fact that adultery has been committed. Adultery is not alleged as the ground of divorce.

Divorce is a statutory right and relief can only be granted where an actual statutory cause is made to appear and it must be the cause laid in the complaint. *Cantor v. Cantor*, 70 *Pa. Super. Ct.* 108.