GULF INSURANCE COMPANY, Appellant,

v.

Victor VELA, Appellee.

No. 11033.

Court of Civil Appeals of Texas.

Austin.

Nov. 7, 1962.

Rehearing Denied Nov. 21, 1962.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Harris, Ball & Jones, Arlington, for appellee.

RICHARDS, Justice.

Victor Vela, appellee, sued Charlie Barnes for damages for personal injuries received by him while driving his automobile which was involved in a collision with an automobile owned by Frede E. Timmons and driven at the time of the collision by Charlie Barnes with the permission of the owner. Judgment was rendered in favor of Vela and against Barnes for recovery of $15,000.

Appellee then instituted this suit against Gulf Insurance Company, appellant, alleg-ing that at the time of the accident there was in force a policy of automobile liability insurance issued by appellant to Frede E. Timmons covering the automobile driven by Barnes as a permissive user at the time of the collision which contained a policy limit of $5,000 insurance for bodily injury to any person injured in an accident arising out of the ownership of the automobile in question. Appellee sought a recovery against appellant for $5,000 based upon the terms of the insurance policy.

Appellant answered alleging that the policy of insurance issued to Timmons did not inure to the benefit of Barnes since the automobile covered by the policy had been sold to Barnes prior to the time of the accident, and that no recovery could be had against appellant on the policy since there had been no "actual trial" in the case of "Vela v. Barnes" as required by the terms of the insurance policy. The case was tried before a jury which found in answer to the only special issue submitted that Barnes on the date of the accident was not the owner of the automobile involved.

Appellant presented motion for an instructed verdict and motion non obstante veredicto, both of which were overruled. The Trial Court rendered judgment in favor of appellee against appellant for $5,000.00 together with interest and costs. Appellant thereupon filed motion for new trial, which was overruled and this appeal was perfected.

Appellant's first four points of error are directed to the error of the Trial Court in submitting to the jury, at the request of appellee over appellant's objections, the instruction defining the term "owner" in connection with Special Issue No. 1 which was:

"Do you find from a preponderance of the evidence that Barnes on January 16, 1960, at the time of the collision with Plaintiff Vela, was the owner of the automobile in question?"

to which the jury answered "No."

The instruction complained of is as follows:

"You are instructed that the term 'owner' as used in this charge is one who has the immediate right to the use and possession of the automobile and who is in possession of said automobile under a specific agreement of purchase as distinguished from a mere borrowing the automobile for temporary use."

The errors assigned are that the Court failed to instruct the jury that: (1) there could be a purchase of an automobile by verbal agreement and that it did not have to be in writing; (2) there could be a valid purchase of an automobile even though the purchase price was to be paid at a later date; (3) there could be a valid purchase of an automobile even though the Certificate of Title was not to be delivered until the automobile had been paid for; and (4) there could be a valid purchase of an automobile even though it was not paid for in cash.

Rule 272, Texas Rules of Civil Procedure, provides, in part, that the Trial Judge "shall so frame his charge as to distinctly separate questions of law from questions of fact, and not therein comment on the weight of the evidence, and so as to instruct the jury as to the law arising on the facts, and shall only submit controverted questions of fact." Rule 277, T.R.C.P., also provides that in submitting special issues, the Court shall submit such explanatory instructions and such definition of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on the issues.

The testimony of appellant's witness Timmons, the insured under the insurance policy issued by appellant, and Barnes, the defendant in the first suit brought by appellee, as to whether there had been an actual agreement entered into between the parties prior to January 16, 1960, the date of the accident, for the sale of the automobile by Timmons to Barnes was conflicting. Timmons stated on cross examination that prior to January 16, 1960 he had not signed the Certificate of Title to the automobile in any form nor had Barnes on his part paid him any amount of money nor had he entered into any type of written contract with Barnes as to the car, nor did Barnes either give him any checks or sign any notes payable to him.

Appellant urges that the failure of the instruction to state that the title to the automobile could pass as a matter of law without the execution of the Certificate of Title would tend to confuse the mind of the jurors in answering the Special Issue. Neither the Trial Court nor this Court is gifted with telepathic powers to peer into the minds of the jurors to determine their mental processes in arriving at their decision.

The sufficiency of explanations and definitions as to form is largely in the discretion of the Trial Court and the test is the reasonable clearness of the definitions to enable the jurors to understand the word or phrase. Texaco Country Club v. Wade, Tex.Civ.App., 163 S.W.2d 219 (N.W.H.). The inclusion of the phrases "immediate right to the use and possession" and "agreement of purchase" in the instruction avoids any decision by the jury as to whether transfer of the Certificate of Title or immediate or future payment of the purchase price constitutes a prerequisite for the passing of title to the automobile. In our opinion, the Court's instruction would not tend to confuse the minds of the jurors in arriving at a decision as to who was the "owner" of the automobile.

If in the definition of "owner", the Trial Court had instructed the jury that there could be a purchase of an automobile by contract *even though* the agreement was verbal or *even though* the Certificate of Title was not to be delivered until the purchase price had been paid, or *even though* such price was not paid in cash, the instruction would have been a comment upon the weight of the evidence since the inclusion of any or all of these elements as

sumes the truth of such fact or facts. As was stated in Hale v. Barnes, Tex.Civ.App., 155 S.W. 358, 361 (N.W.H.):

"* * * a judge has no more right to tell the jury that certain evidence does not prove a particular fact than he has to tell them that certain other evidence does prove such fact."

Appellant's points of error Nos. 1, 2, 3 and 4 are overruled.

For its 5th and 7th points of error appellant contends that by the use of the word "specific" before the words "agreement of purchase" the Trial Court placed a heavier burden on appellant than is permitted by law since the only requirement for the sale of a used automobile is that there be an agreement of purchase and that in failing to instruct the jury that by the word "specific" the Court did not mean that the agreement must necessarily be in writing since all that was required was that there had been an agreement as to the purchase and sale of the automobile.

Did the inclusion of the word "specific" before the words "agreement of purchase" place a heavier burden on appellant than was required by law? The word "specific" as an adjective is defined as meaning "definite", "particular" and "precise", 81 C.J.S. p. 400. Webster's International Dictionary (2d Ed.) also defines the word "specific" as meaning "definite", "of a definite nature", and "explicit". Clearly, to constitute an agreement between the parties for the sale of the automobile in question, there must have been a definite agreement or understanding, since unless there was a definite understanding or agreement between the parties there could not have been a valid contract or agreement for the sale of the automobile.

■ Although we feel that the definition of "owner" as submitted by the Court could have been clarified without commenting on the weight of the evidence, nevertheless the inclusion of the word "specific" before the words "agreement of sale" did not place any heavier burden on the appellant as a matter of law, and its inclusion in the definition was surplusage and therefore harmless. Appellant's 5th and 7th points of error are overruled.

Appellant's 6th point of error is directed to the Trial Court's refusal to give appellant's special requested instruction as follows:

"You are instructed that the term 'owner' as used in this charge is one who has the immediate right to the use and possession of the automobile and who is in possession of said automobile under an agreement of purchase.

"You are further instructed that a person who has the immediate right to the use and possession of the automobile under an agreement of purchase (even though such agreement is verbal) is the owner thereof even though he is to pay the purchase price at a later date and is to receive the Certificate of Title at the time of payment."

While the first paragraph of the requested instruction is correctly stated, it is apparent that the second paragraph contains statements such as "even though such agreement is verbal", and "even though he is to pay the purchase price at a later date and is to receive the Certificate of Title at the time of payment" which we have previously held to constitute comments on the weight of the evidence.

But appellant argues that even if its requested instruction was not letter perfect and correct, it did call the vital matter to the attention of the Trial Court and if there was anything partially wrong with the form of the requested instruction, it became the duty of the Trial Court to give a correct definition with reference to the points involved. This contention is based upon that part of Rule 279, T.R.C.P., which provides that failure to submit a definition shall not be deemed a ground for reversal unless a

substantially correct definition has been requested in writing and tendered by the party complaining of the judgment.

■ Since the original definition of the word "owner" as given by the Court was objected to by appellant in accordance with Rule 274, T.R.C.P., Rule 279 is inapplicable. As stated in Texas Employer's Insurance Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1002:

> "Rule 279 applies when there is a failure to submit a definition, while Rule 274 applies when a definition is actually contained in the charge, but the complaining party objects to it because it is thought to be erroneous. When the court fails to define a term which a litigant is entitled to have defined Rule 279 is applicable; but when, as here, the court's charge does contain a definition, but same is unsatisfactory to the litigant, Rule 274 is applicable."

Appellant's 6th point of error is overruled.

Point of error No. 8 complains of the error of the Trial Court in refusing to instruct a verdict for appellant since under the undisputed evidence there was no actual contested trial on the merits of the suit brought by appellee against Charlie Barnes and hence there could be no recovery on the policy issued by appellant until the amount of the insured's obligation to pay had been finally determined by a judgment against the insured after "actual trial."

In the policy of insurance upon which appellee sought recovery there appears under the general heading "CONDITIONS", (para. 6, Part 1) the following:

## "ACTION AGAINST COMPANY

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The foregoing condition was asserted as a defense in appellant's answer and was also presented to the Trial Court in its motion non obstante veredicto.

After the accident Timmons, the assured in the policy, notified appellant, who made an investigation. When suit was filed by appellee against Barnes appellant refused to defend upon the ground that Barnes was not the permissive user but was the owner of the automobile. Upon the trial appellee and his doctor both testified in answer to questions by both his attorney and the Trial Judge. Barnes, the defendant in that action, testified as appellant's witness in the instant case that when he was sued he talked to appellant's agent about it and was advised that appellant would not defend since the automobile was owned by Barnes and not by Timmons, after which he consulted a lawyer but did not appear at the trial either in person or through an attorney.

■ Based upon these facts it is our opinion that there was an "actual" trial of the case of Vela v. Barnes which resulted in the judgment in favor of Vela in the sum of $15,000.00. Russom v. United Services Automobile Ass'n (D.C.W.D.Tex.), 143 F.Supp. 790, 795. Since appellant refused to do what it had promised, we do not believe that it could complain that Barnes did not do it since the interests of both were the same. St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U.S. 173, 183, 26 S.Ct. 400, 50 L.Ed. 712. The factual situation in Wright v. Allstate Insurance Co., Tex.Civ.App., 285 S.W.2d 376, cited by appellant, is clearly distinguishable from the instant case and is not in point. Appellant's 8th point of error is overruled.

The judgment of the Trial Court is affirmed.

Affirmed.